[No. 13505. In Bank.—April 16, 1890.]

## CHARLES H. STEPHENS ET AL., RESPONDENTS, *v.* W. PARRISH ET AL., APPELLANTS.

PLEADING — VERIFICATION BY ATTORNEY — STATEMENT OF REASONS. — When a verification of a pleading by an attorney states that the parties for whom he is attorney are absent from the county, it states a sufficient statutory reason for the verification by their attorney; and no additional force would be given to the verification by adding that it is for that reason that the verification is made by the attorney.

APPEAL from a judgment of the Superior Court of San Diego County.

The facts are stated in the opinion of the court.

*Collier & Haines, Shaw & Holland,* and *Parrish, Mossholder & Lewis,* for Appellants.

*J. B. Mannix,* and *Brunson, Wilson & Lamme,* for Respondents.

Fox, J. — The only point made on this appeal is as to the sufficiency of the verification of the complaint. It reads as follows: —

"STATE OF CALIFORNIA, } ss.
    COUNTY OF SAN DIEGO, }

"J. B. Mannix, being duly sworn, says that he is the attorney for the plaintiffs in the above-entitled

LXXXIII. CAL.—36

action; that he resides in the said county of San Diego; that the plaintiffs are absent from the said county; that he has read the foregoing complaint, and knows the contents thereof, and that the same is true of his own knowledge, except as to matters which are therein stated on his information or belief, and as to those matters he believes it to be true.                    J. B. Mannix.

"Subscribed and sworn to before me this fourth day of April, 1889.                    Thomas Higgins,
    [Seal.]                                   "Notary Public."

Section 446 of the Code of Civil Procedure provides that "where a pleading is verified, it must be by the affidavit of a party, unless the parties are absent from the county where the attorney resides, or from some cause unable to verify it, or the facts are within the knowledge of his attorney or other person verifying the same. When the pleading is verified by the attorney, or any other person except one of the parties, he must set forth in the affidavit the reasons why it is not made by one of the parties."

The verification in this case is made by the attorney, and distinctly sets forth the first of the conditions which authorize the making of it by some person other than a party,— that the plaintiffs are absent from the county in which the attorney resides. This is the only one of the conditions under which the law excuses the making of the verification by a party that is given in the affidavit, and is alone sufficient for the purpose. No additional force could be given to it by adding that it is for that reason that the verification is made by the attorney. The best of the statutory reasons is given. We see no occasion to say more on the subject in the affidavit than is said.

Judgment affirmed.

Beatty, C. J., Sharpstein, J., McFarland, J., and Paterson, J., concurred.